MICKLE v. CONGAREE CONSTRUCTION COMPANY.

1. COMPLAINT—ADMINISTRATION—ORAL DEMURRER.—The complaint alleged that plaintiff is the duly qualified administrator of deceased, and sues for the benefit of his parents, and on these and other allegations demanded damages from defendant for the negligent killing of deceased. The defendant having pleaded the general issue, an oral demurrer at the trial, that the complaint did not state facts sufficient to constitute a cause of action, in that there was no allegation of plaintiff's appointment as administrator, was properly overruled.

2. IBID.—CONSTRUCTION COMPANY—NEGLIGENCE.— The allegations of this complaint were sufficient to sustain an action against even a construction company, the sufficiency of the road-bed and track, under the circumstances, and knowledge by the parties, being matters of defence.

Before WITHERSPOON, J., Richland, April, 1893.

Action by Hampton Mickle, as administrator, against the Congaree Construction Company, commenced April 14, 1892.

*Messrs. John T. Sloan, jr.*, and *Lyles & Muller*, for appellant.

*Messrs. McDonald, Douglass & Obear*, contra.

May 24, 1894. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was an action by the plaintiff, as the administrator of the estate of John Mickle, deceased, suing for the benefit of the parents of the said John Mickle, for damages for the negligent killing of the said intestate, his son, by the defendant corporation, while engaged in constructing a railroad on the line from Columbia to Laurens Court House, in this State. The complaint, among other things, states that the said John Mickle, on December the 13th, 1890, at the time of committing the grievances hereinafter mentioned, was in the employ of the defendant corporation as a laborer upon a certain

material train, operated and controlled by said defendant, and it was the duty of the defendant to provide a good, safe, and secure track for the use of said train; also, to provide good, safe, and secure machinery, apparatus, and other appliances. It was also the duty of said defendant corporation to exercise due and reasonable care in loading its trains and operating the same for the safety of its employees. That the said corporation conducted itself so carelessly, negligently, and unskillfully in this behalf, that it provided and used an unsafe, defective, and insecure track and road-bed, and loaded, conducted, and operated said material train in a careless, negligent, insecure, and unskillful manner, in that the said train was, at the time and place hereinafter mentioned, overloaded, and was run over a defectively and carelessly laid track, upon a road-bed negligently, improperly, and unskillfully built, so as unnecessarily to endanger the lives of the servants of the corporation then and there in its employment. And that on the day named, at or near Newberry, in this State, said material train was in the use and service of the said defendant, and while said Mickle was on the said train, in the capacity aforesaid, the said material train, at the time and place above named, was derailed and thrown down an embankment, hurling the said intestate from said cars, and heaping large quantities of railroad iron upon him, by reason of the negligent construction of the said track and road-bed, and on account of the dangerous load upon the material train at the time of the accident. That by reason of the premises, the said John Mickle did then and there receive divers and serious injuries from which he died, to the damage of the plaintiff, as administrator as aforesaid, $2,500. * * * That the said John Mickle died intestate, and left as his heirs at law his father, the plaintiff herein, and his mother, Ardella Mickle, who were dependent upon the said John Mickle for a greater part of their comfort, subsistence, and maintenance in life, and who, by reason of his death aforesaid, are injured as set out in paragraph five of the complaint. * * *

VIII. That the plaintiff is the duly appointed and qualified administrator of the goods, chattels, and effects of the said John Mickle, &c.

The defendant corporation, by way of answer, admitted that they were a corporation, but denied every other allegation in the complaint. And for a second defence, alleged that the material train referred to in the complaint was engaged in the laying of a track upon the road referred to, then in process of construction, and that attached to said train there was a safe and suitable car for the transportation of the plaintiff's intestate and other laborers employed upon said material train, and that plaintiff's intestate was guilty of gross negligence in riding on the flat car loaded with iron, and that his death was due solely to negligence on his part, and not from want of due care on the part of the defendant.

The action came on to be tried at the Spring Term of the court, and · when the complaint was read, the defendant, by their counsel, interposed a verbal demurrer, and moved to dismiss the same upon the ground that "it did not state facts sufficient to constitute a cause of action," the grounds for the motion being that the complaint did not allege the appointment of the plaintiff as administrator of the deceased, and did not allege any negligent act on the part of the defendant, causing the death of the plaintiff's intestate. The motion was refused, and the defendant corporation appeals to this court upon two exceptions: (1) "Because the court should have held that the complaint having alleged the employment of plaintiff's intestate to have been in the construction of the railroad referred to in the complaint, it was fatally defective, in that it did not show that the accident which caused the intestate's death was not one of the risks incident to his employment, and did not allege that the alleged defects in the road-bed, and the alleged overloading of the car, were known to, or ought to have been known to, the defendant. (2) Because the court should have held that the complaint was fatally defective in that it did not allege the appointment of the plaintiff as administrator of the estate of the intestate. Upon the appeal being taken, the further trial of the case was stayed. (The complaint in full should appear in the report of the case.)

*First.* Does the complaint sufficiently allege plaintiff's appointment as administrator of the estate, and give him the right

to the character in which he sues? It will be observed that the complaint states that "the plaintiff above named, as administrator of the estate of John Mickle, deceased, suing for the benefit of the parents of the said John Mickle, complaining, alleges," &c. "That the said John Mickle died intestate, and left as his heirs at law, his father, the plaintiff herein, and his mother, Ardella Mickle, who were dependent upon the said John Mickle for a greater part of their comfort, subsistence, and maintenance in life, and who, by reason of his death as aforesaid, are injured as set out in paragraph five of this complaint. That the plaintiff is the duly appointed and qualified administrator of the goods, chattels, and effects of the said John Mickle," &c.

The defendant company gave no notice, either by demurrer, plea in abatement, or special answer, that they desired to question the right of the plaintiff to sue as administrator; and in the absence of any such demurrer or special denial, we think the allegation in the complaint, as to the character in which plaintiff sues, must be regarded as admitted. As was said by the Chief Justice, in the latest case in our reports in which the point was considered, that of *Hankinson* v. *Charlotte &c. R. R. Co.*, *ante*, 16: "There can be no doubt, under the decisions in this State, viz: *Banking Co.* v. *Turner*, 8 S. C., 107; *Steamship Co.* v. *Rodgers*, 21 *Id.*, 27; *Lumber Co.* v. *Risley*, 25 *Id.*, 309, that the issue of the capacity of plaintiff to sue cannot be raised by a general denial of all the allegations of the complaint, but must be raised, either by demurrer, where the necessary facts appear on the face of the complaint, or by a special denial in the answer; and in the absence of any such demurrer or special denial, the allegation in the complaint as to the character in which plaintiff sues, must be regarded as admitted," &c.

But it is insisted that the question was made by demurrer. True, by what is called an "oral demurrer at the trial," to dismiss the complaint, for the reason that it did not state facts sufficient to constitute a cause of action—that is to say, too late to make the proper issue by the pleadings. "Where the declaration, in an action by an administrator to recover damages for the death of his intestate, avers that plaintiff was ap-

pointed and duly qualified as administrator, &c., a plea of the general issue admits plaintiff's right to sue in his representative capacity," &c.   *McMillan Marble Co.* v. *Black*, 14 S. W. Rep., 479; *Am. Button Hole &c. Company* v. *Hill*, 27 S. C., 165. "No doubt it is necessary that the character in which plaintiff sues should appear in the complaint, but, it seems, so this appears substantially in the body of the complaint, or in the complaint taken as a whole, this will be sufficient." *Dial* v. *Tappan*, 20 S. C., 176.   See, also, section 2182 of the General Statutes of 1882.   We do not think that the Circuit Judge committed error in refusing to dismiss the complaint upon this ground.

*Second.* "Is the complaint fatally defective in that it does not allege that the defects in the road-bed and the alleged overloading of the car were known to, or ought to have been known to, the defendant?"   By force of the oral demurrer, all the allegations properly made in the complaint must be assumed for the purposes of the motion to be true.   This being the case, we concur with the Circuit Judge that the complaint considered as it stands cannot be held to be "totally defective;" as, for instance, it states, among other things, that the defendant corporation furnished and used an unsafe, defective, and insecure track and road-bed, and undertook to operate a material train in a careless manner, in that said train was, at the time and place of the accident hereinafter mentioned, overloaded, &c.   Now these allegations, in an ordinary case of an employee against a railroad corporation, operating a finished road with settled road-bed, as we suppose would be sufficient to charge the company with negligence, at least *prima facie*.   But it is earnestly urged that such allegation alone is not sufficient in an action against what is known as "a construction company," having no railroad of its own, but being engaged in the act of constructing a new one for the use of other persons.   It is insisted as to a construction company, that from the very nature of the work in which it is engaged, "it is not, and upon principle cannot be, under an absolute obligation to its servants to provide a track and road-bed free from defects," but "is simply bound not to negligently

suffer such defects.   The defects may be there, but unless it was known to the master and unknown to the servant, the element of negligence is absent, and no right of action accrues from an injury therefrom; and that it was necessary to go further and allege that such defects were known, or ought to have been known, to the defendant corporation, and were not known, and by the exercise of due diligence could not have been known to the deceased.''

We have lately had occasion to consider the subject somewhat in connection with the case of Walling, the conductor of the material train, against the same company, who was killed in the same accident by which the intestate, Mickle, lost his life; and reference is made to that case (*ante,* 388).   As the case must go back to the Circuit Court, we will not, under an oral demurrer, make any ruling upon the subject of the alleged defective road-bed and track, or the knowledge of the parties at the time of the accident, which may be matters of defence in the further progress of the case.   See *Branch* v. *Railroad Company,* 35 S. C., 405.

The judgment of this court is, that the judgment of the Circuit Court be affirmed, and the case remanded to that court for such further proceedings as may be considered proper.